IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE BENDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-21-746-SM |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Julie Bender (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 14, 15.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) failed to analyze the entirety of Dr. William Biles's opinion for persuasiveness. Doc. 16, at 5. After a careful review of the record (AR), the

parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C.   Relevant findings.

#### 1.   The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 15-23; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)  had not engaged in substantial gainful activity since March 28, 2019, the alleged onset date;

(2)  had the following severe medically determinable impairments: cervical cancer, psoriatic arthritis, irritable bowel syndrome, major depressive disorder, and anxiety disorder;

(3)  had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)  had the residual functional capacity[2] (RFC) to perform medium work, except she retains the capacity to apply a commonsense understanding to carry out detailed but uninvolved written or oral instructions; she can deal with problems involving a few concrete variables in standardized situations; she can make judgments on detailed, but uninvolved written or oral instructions; she can engage in

---

[2]  Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

       occasional interaction with the public, supervisors, and co-workers in a routine setting;

(5)    was unable to perform any past relevant work;

(6)    could perform jobs that exist in significant numbers in the national economy, such as machine feeder, factory worker, and industrial cleaner; and so

(7)    had not been under a disability from March 28, 2019, through February 22, 2021.

AR 15-23.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

### B. Issues for judicial review.

Plaintiff asserts the ALJ erred by "conduct[ing] a deficient and limited analysis of Dr. Biles's opinion." Doc. 16, at 3. She argues that although the ALJ analyzed the opinion, he ignored Dr. Biles's limitation to a moderate (office) noise level. *See* AR 21 (ALJ's analysis of Dr. Biles's finding), 876 (Dr. Biles's finding). "[T]he ALJ was very specific as to which portions he found to be consistent with the record, and which portions he found to be inconsistent with the record." Doc. 16, at 5.

The ALJ stated:

> The undersigned considered the opinion of Dr. William Biles, M.D., an independent medical expert, who determined via medical interrogatory dated December 20, 2020 that none of the claimant's impairments meet or medically equal a listing of impairments. The undersigned finds that this opinion is supported by objective findings of a normal gait and station, along with findings that the claimant's cancer is in remission and was treated with surgery. The undersigned also finds that this opinion is consistent with the claimant's own indication that she prepares her own meals daily and does chores in the home. However, Dr. Biles limited the claimant to frequent reaching, handling and fingering as well as frequent postural limitations. These limitations are not supported

5

> by the objective medical evidence in the record as detailed above. Furthermore, Dr. Biles does not give any explanation as to why these limitations are necessary. Accordingly, this opinion is partially persuasive.

AR 21 (internal citations omitted). Because the limitation to a moderate (office) noise level is not postural or manipulative, Plaintiff argues the ALJ only found postural or manipulative limitations to be inconsistent with the record. Doc. 16, at 5. The Court disagrees.

As the Commissioner points out, Plaintiff has alleged no hearing issues. Doc. 20, at 11. Her doctors noted Plaintiff's normal hearing. AR 465 ("Hearing is intact to normal conversation."), 522 ("hearing intact"), 635 ("Hearing . . . normal."), 714 ("[n]o hearing loss."). No health care provider other than Dr. Biles recommended a limit on noise exposure. Medical records and reports did not note that Plaintiff had reported any issues with noise.

Dr. Biles did not provide particular medical findings to support his assessment about the moderate noise limitation, despite the form's request to "[i]dentify" such findings immediately below the moderate noise limitation check box. *Id.* at 876. And in fact, in answering the question about whether any of Plaintiff's impairments affected her hearing or vision, Dr. Biles checked the "No" box. *Id.* at 875.

Based on the findings of Plaintiff's other examining doctors and the rest of Dr. Biles's findings, the Court disagrees that the ALJ ignored any meaningful hearing limitations. First, even if the Court considered Dr. Biles's checkmark for "moderate (office) noise" level to constitute a medical opinion, the Court finds this "weak evidence at best." *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). The lack of any meaningful narrative explanation to support the check for "moderate (office)" makes this opinion thin support for a more restrictive limitation of Plaintiff's exposure to noise. *See Zonak v. Comm'r of Social Sec.*, 290 F. App'x 493, 497 (3d Cir. 2008) (affirming the ALJ's rejection of the plaintiff's treating physician's opinion because it was provided on a check-box form, with no reasons in support of the physician's conclusion); *see generally Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (stating that "findings of a nontreating physician based upon limited contact and examination are of suspect reliability" and noting the "report . . . consists solely of boxes checked on the Secretary's form" and that "[s]uch evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence"). The ALJ's analysis of the persuasiveness of Dr. Biles's opinion satisfied the regulatory requirements. 20 C.F.R. § 404.1520c(b)(1) ("We

7

are not required to articulate how we considered *each medical opinion* or prior administrative medical finding from one medical source individually.") (emphasis added).

Substantial evidence supports the ALJ's conclusions.

### III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 25th day of May, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE